IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARDEN FRESH DISTRIBUTION
SERVICE, INC.,

    Plaintiff,

v.                                    Case No. Case No. 8:10-CV-2756-T-17

LUCAS BROTHERS
MUSHROOMS, INC., et al,

    Defendants.
_____/

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure. After careful consideration of the record, the Court makes the following findings of fact and conclusions of law.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the affidavit of Plaintiff's representative that Plaintiff is a produce creditor of Defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the amount of $114,982.35 supplied to Defendants as required by the PACA. It also clear that Defendants have dissipated or are dissipating PACA trust assets in that the Defendants advised Plaintiff that they do not have any money to pay Plaintiff in direct violation of the PACA. See *In re Kornblum & Co., Inc.*, 81 F.3d

280 (2nd Cir. 1996); *Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.*, 986 F.2d 1010 (6th Cir. 1993). As a result, it appears that the PACA trust assets are threatened with dissipation. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *Taminura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3rd Cir. 2000).

If notice is given to Defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); *Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., supra*. Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Additionally, there is little harm to Defendants in granting an injunction, which only requires Defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute and pay for the undisputed portion of produce.

Lastly, the public interest is furthered by the granting of a temporary restraining order. The statute itself states that the trust law was established to benefit the public interest that had suffered due to nonpayment for produce.

The Court has determined that the bond requirements of FRCP 65(c) are not applicable to this case because Defendants already have at least the amount of $114,982.35 worth of trust assets from Plaintiff as security for the issuance of this Order.

Based on the foregoing, the Court finds that Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice. Therefore, it is by the United States District Court for the Middle District of Florida,

**ORDERED, ADJUDGED AND DECREED** that Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Lucas Brothers, Inc. and its subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until Defendants pay Plaintiff the amount of $114,982.35 by cashier's check or certified check at which time the Order is dissolved.

**ORDERED** that in the event Defendants fail to pay Plaintiff the amount of $114,982.35 by cashiers or certified check within five (5) days of service of this Order, then the Defendants shall file with this Court, with a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Lucas Brothers, Inc. and signed under penalty of perjury; and that Defendants Lucas Brothers, Inc. and shall also supply to Plaintiff's attorney, within ten (10) days of the date of this Order, any and all documents in connection with their assets and liabilities and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

Bond shall be waived in view of the fact that Defendants now hold the amount of $114,982.35 of Plaintiff's assets.

This Temporary Restraining Order is entered this 9th day of December, 2010, at 3:25 p.m. The motion for preliminary injunction is referred to the assigned magistrate judge.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE