UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARDEN FRESH DISTRIBUTION
SERVICE, INC.,
    Plaintiff,

vs.                                                  CASE NO. 8:10-CIV-2756-T-17-MAP

LUCAS BROTHERS, INC., et al.,
    Defendants.
===============================
SUNRISE PRODUCE, LLC.,
    Intervening Plaintiff,

vs.

LUCAS BROTHERS, INC., et al.,
    Defendants.
                                        /

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

      The cause is before the Court on plaintiff and intervening plaintiffs' motions for summary judgment (Docket Nos. 39 and 40). Although given an opportunity to show cause why this motion should not be granted, the defendants, Lucas Brother, Inc., Orfanel Lucas, and Jesus V. Lucas, have failed to come forward with any opposition to the motions.

      This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern**

**Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all <u>reasonable</u> doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996). (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996).

The Court has reviewed the motions for summary judgment and the attachments thereto and has

determined that they are well-taken and should be granted. Accordingly, it is

**ORDERED** that the motions for summary judgment (Document Nos. 39 and 40) be **granted** and judgments shall be entered by the Clerk of Court as follows: for the plaintiff, Garden Fresh Distribution Service, Inc., and against the defendants, Lucas Brother, Inc., Orfanel Lucas, and Jesus V. Lucas, jointly and severally in the amount of $114,982.35, plus interest and attorney's fees, which shall be determined after separate filing by the plaintiff; and for the intervening plaintiff, Sunrise Produce, LLC, and against the defendants, Lucas Brother, Inc., Orfanel Lucas, and Jesus V. Lucas, jointly and severally in the amount of $19,113.00, plus interest and attorney's fees, which shall be determined after separate filing by the intervening plaintiff.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 15th day of July, 2011.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record